UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO EQUIPMENT FINANCE, INC., a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>VIRK SYSTEMS, INC. a California corporation; LAKHWIMDER SINGH VIRK, an individual,<br><br>Defendants. | No. 2:20-cv-0143 TLN DB<br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter came before the undersigned on August 7, 2020, pursuant to Local Rule 302(c)(19), for hearing of plaintiff's motion for default judgment. (ECF No. 13.) Attorney Michael Gomez appeared via Zoom on behalf of the plaintiff. No appearance was made by, on behalf of, either defendant. At that time, oral argument was heard and the motion was taken under submission. Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that the motion for default judgment be granted as explained below.

**BACKGROUND**

Plaintiff Wells Fargo Equipment Finance, Inc., ("Wells Fargo"), commenced this action through counsel on January 21, 2020, by filing a complaint and paying the required filing fee.

1  (ECF No. 1.)  The complaint alleges generally that in August of 2017 and April of 2018 plaintiff
2  entered into three loan agreements with defendant Virk Systems, Inc., ("Virk Systems").  (Compl.
3  (ECF No. 1) at 3-12.[1])  The loans were secured by collateral and a guarantee of repayment by
4  defendant Lakhwimder Singh Virk ("Virk").  (Id. at 3-17.)  Defendants breached the loan
5  agreements by failing to make payments.  (Id.)  The complaint alleges state law causes of action
6  for breach of contract, claim and delivery, conversion, and breach of guaranty.[2]  (Id. at 1.)

7  On February 24, 2020, plaintiff filed proof of service on the defendant.  (ECF Nos. 5 & 6.)
8  The following day plaintiff filed a request for entry of defendants' default.  (ECF No. 8.)  The
9  Clerk entered defendants' default on February 27, 2020.  (ECF No. 8.)  On April 17, 2020,
10 plaintiff filed a motion for default judgment.  (ECF No. 9.)  Plaintiff, however, failed to file a
11 memorandum in support.

12 Accordingly, on June 16, 2020, the undersigned issued an order continuing the hearing of
13 plaintiff's motion to August 7, 2020, ordering plaintiff to file a memorandum in support, and
14 ordering plaintiff to file proof of service of the memorandum in support and the June 16, 2020
15 order on the defendants.  (ECF No. 11.)  Plaintiff filed a memorandum is support along with
16 proof of service on July 7, 2020.  (ECF No. 12.)

17 The matter came before the undersigned on August 7, 2020, pursuant to Local Rule
18 302(c)(19), for hearing of plaintiff's motion for default judgment.  (ECF No. 13.)  Attorney
19 Michael Gomez appeared via Zoom on behalf of the plaintiff.  Despite being served with
20 plaintiff's motion and notice of the hearing, there was no appearance by, or on behalf of, either
21 defendant.  Oral argument was heard and plaintiff's motion taken under submission.

22 **LEGAL STANDARD**

23 Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default
24 judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken

---

[1] Page number citations such as this are to the page number reflected on the court's CM/ECF system and not to the page numbers assigned by the parties.

[2] Jurisdiction over these claims is based on the court's diversity jurisdiction.  (Compl. (ECF No. 1) at 2.)

as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

**A.     Appropriateness of the Entry of Default Judgment under the Eitel Factors**

Plaintiff's motion for default judgement seeks judgement on the complaint's claims for breach of contract and claim and delivery causes of action.[3] (Pl.'s MDJ (ECF No. 12) at 11, 13.) The factual allegations of plaintiff's complaint are taken as true pursuant to the entry of default against the defendants.

---

[3] Plaintiff's motion for default judgment dismisses the complaint's "Conversion Cause of Action without prejudice." (Pl.'s MDJ (ECF No. 12) at 11.)

3

**1.      Factor One: Possibility of Prejudice to Plaintiff**

The first Eitel factor considers whether plaintiff would suffer prejudice if default judgment is not entered.  When a defendant has failed to appear and defend the claims, a plaintiff will be without recourse and suffer prejudice unless default judgment is entered.  Vogel v. Rite Aid Corp., 992 F.Supp.2d 998, 1007 (C.D. Cal. 2014) (granting a default judgement for a disabled plaintiff suing under the ADA and Unruh Act, relying upon this rationale).  Here, the defendants were served with notice of this action but have refused to defend against plaintiff's claims.[4]  Absent entry of default judgement, plaintiff would likely be without recourse against the defendants.  Because plaintiff will suffer prejudice if left without recourse, this factor favors an entry of default judgment.

**2.      Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint**

The second and third factors are (1) the merits of plaintiff's substantive claim, and (2) the sufficiency of the complaint.  Eitel, 782 F.2d at 1471-72.  Thus, the second and third Eitel factors require plaintiff to state a claim on which plaintiff can recover.  PepsiCo, Inc. v. California Security Cans, 238 F.Supp.2d, 1172, 1175 (2002); see Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).  Given the close relationship between the two inquiries, factors two and three are considered together.  As noted above, plaintiff seeks default judgment on the complaint's claims for breach of contract and claim and delivery.

**(1)      Breach of Contract**

The elements of a cause of action for breach of contract are: (i) existence of the contract, (ii) plaintiff's performance or excuse for nonperformance, (iii) defendant's breach, and (iv) resulting damages to the plaintiff.  Oasis West Realty, LLC v. Goldman, 51 Cal. App. 4th 811, 821 (2011) (citing Reichert v. General Ins. Co., 68 Cal. 2d 822, 830 (1968)).  Here, the complaint alleges that on August 9, 2017, plaintiff extended defendant Virk Systems a loan of $178,779.50

---

[4] At the August 7, 2020 hearing plaintiff's counsel stated that the defendants had contacted plaintiff's counsel after this lawsuit was initiated, further indicating that the defendants are aware of plaintiff's claims and have chosen not to defend.

4

1  ("Loan 1"). (Compl. (ECF No. 1) at 3.) Pursuant to this loan, defendant Virk Systems agreed to
2  make forty-eight monthly payments beginning on October 5, 2017. (Id.) On August 14, 2017,
3  plaintiff extended a second loan to defendant Virk Systems in the amount of $235,650 ("Loan
4  2"). (Id. at 6.) Again, defendant Virk Systems agreed to repay the loan in forty-eight monthly
5  payments. (Id.) And on April 30, 2018, the parties entered into a third loan agreement under
6  these same terms with plaintiff loaning defendant Virk Systems $523,700 ("Loan 3"). (Id. at 9.)
7  Defendant Virk executed "a Continuing Guaranty" in which defendant Virk "unconditionally"
8  guaranteed plaintiff "pull and prompt payment and performance when due of any and all
9  Indebtedness" of defendant Virk Systems. (Id. at 17-18.)

10     Despite plaintiff's funding of these loans, defendants defaulted on each of them on
11 September 4, 2019, and each month thereafter, by failing to make the required monthly payment.
12 (Id. at 4, 8, 11.) Additionally, attached to the complaint are copies of the parties' executed
13 "Combination Loan and Security Agreement." (Id. at 27-33, 41-47, 49-55.) Based on these
14 allegations, the undersigned finds that the complaint has stated claims for breach of contract.

15     **(2)  Claim and Delivery**

16     "Claim and delivery" is "a method of recovering property that is wrongfully being
17 withheld by another." Trans Pacific Nat. Bank v. UBS AG, No. C 09-4617 SBA, 2010 WL
18 2354165, at *4 (N.D. Cal. June 9, 2010). "Claim and delivery is not a separate action but is a
19 remedy that permits a prevailing party to recover both specific property and incidental damages."
20 Xerox Corporation v. AC Square, Inc., Case No. 15-cv-4816 DMR 2016 WL 5898652, at *3
21 (N.D. Cal. Sept. 1, 2016). To be entitled to this remedy, the plaintiff "must show (1) that it has a
22 right to possess the equipment in question and (2) that [the defendant] is in wrongful possession
23 of the equipment." Xerox Corporation v. CBFS, Inc., 2013 WL 12203040, at *4 (C.D. Cal. May
24 23, 2013).

25     As noted above, plaintiff has stated causes of action for breach of contract. Pursuant to
26 Loan 1, Loan 2, and Loan 3, defendant Virk Systems executed "Security Interest" agreements,
27 entitling plaintiff to "first-priority interest" in several "Trailers" identified by VIN and serial
28 ////

1 numbers. (Compl. (ECF No. 1) at 4, 7, 10-11.) These agreements entitle plaintiff to take possession of this collateral as a result of defendants' default. (Id. at 13-15.)

Based on these allegations, the undersigned finds that plaintiff has stated a claim for claim and delivery. See Xerox Corporation v. AC Square, INC., Case No. 15-cv-4816 DMR, 2016 WL 1237828, at *3 (N.D. Cal. Mar. 30, 2016) ("Since Plaintiff adequately pled breach of contract, it has sufficiently stated claim and delivery for all contracts concerning leased products.)

### 3. Factor Four: The Sum of Money at Stake in the Action

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." Eitel, 782 F.2d at 1471-72; see also Philip Morris USA, Inc v. Castworld Prods., Inc., 219 F.R.D. 494, 500. (C.D. Cal. 2003). Here, plaintiff seeks an award of $625,285.39 as well as possession of the identified collateral. (Pl.'s MDJ (ECF No. 12) at 13.) Although the amount at stake is significant, it is in relation to the seriousness of the defendants' conduct. Moreover, "[i]f and when the equipment is recovered and sold, Plaintiff will apply the proceeds from the sale of its collateral to the amount owed by the Defendants on the monetary judgment and submit a partial satisfaction of judgment, reducing the Defendants' indebtedness under the judgment." (Id. at 14.)

Accordingly, the undersigned does not find the overall sum of money at stake to be so large or excessive as to militate against the entry of default judgment.

### 4. Factor Five: The Possibility of a Dispute Concerning Material Facts

This Eitel factor considers the possibility that material facts are disputed. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, Inc., 238 F.Supp.2d at 1177. Here, there appears to be no material facts in dispute. This factor weighs in favor of a default judgment.

### 5. Factor Six: Whether the Default Was Due to Excusable Neglect

This Eitel factor considers the possibility that the defendants' default was the result of excusable neglect. Here, defendants were repeatedly served with notice of this action. (ECF Nos. 5, 6, 12.) Defendants, however, have taken no action to respond to plaintiff's complaint or motion for default judgment. Accordingly, the record suggests that the defendants have chosen

6

not to defend this action, and that the default did not result from excusable neglect. Accordingly, this Eitel factor favors the entry of default judgment.

      **6.**      **Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits**

The final Eitel factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering default judgment. Eitel, 782 F.2d at 1472. Generally, default judgments are disfavored, and a case should be decided on the merits whenever possible. See Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985). However, where a defendant's failure to appear "makes a decision on the merits impracticable, if not impossible," entry of default judgment is warranted. PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D. Cal. 2010). Because the defendants have failed to respond in this matter, a decision on the merits is impossible. Therefore, the seventh Eitel factor does not preclude the entry of default judgment.

      **7.**      **Summary of Eitel Factors**

In sum, upon consideration of all the Eitel factors the undersigned finds that plaintiff is entitled to a default judgment against the defendants and recommends that such a default judgment be entered. The undersigned therefore turns to plaintiff's requested relief.

**B.**      **Terms of the Judgment to Be Entered**

      **1.**      **Damages**

After determining that a party is entitled to entry of default judgment, the court must determine the terms of the judgment to be entered. See Landstar Ranger, Inc. v. Path Enterprises, Inc., 725 F.Supp.2d 916, 920 (C.D. Cal. 2010.).

Here, plaintiff seeks $604,237.60 in damages. (Pl.'s Prop. Judg. (ECF No. 9-3) at 2.) Of this amount, $552,970.47 represents defendants' unpaid principal, $18,322.62 in accrued interest, $11,353.04 in late charges, and $9,953.37 in miscellaneous fees. (Pl.'s MDJ (ECF No. 12) at 11.) These figures are supported by a declaration from Shawn K. Mulgrew, a Vice President for plaintiff Wells Fargo. (Mulgrew Decl. (ECF No. 9-1) at 1-17.) Plaintiff is entitled to these fees

////

1   pursuant to the parties' loan agreements. (Compl. (ECF No. 1) at 27-28, 30, 41, 44, 49, 51-52.)
2   Moreover, defendant Virk guaranteed payment of these amounts. (Id. at 57.)
3       Plaintiff also seeks recovery of $10,911.50 in attorneys' fees and $726.60 in costs. (Pl.'s
4   MDJ (ECF No. 12) at 12.) This request is supported by a declaration from plaintiff's counsel.
5   (Gomez Decl. (ECF No. 9-2) at 2.) The parties' loan agreements provide that plaintiff "may
6   recover from Debtor . . . the legal fees and expense incurred" in obtaining payment. (Compl.
7   (ECF No. 1) at 30, 44, 52.)
8       Having reviewed plaintiff's arguments and submissions, the undersigned finds that
9   plaintiff is entitled to an award of $ $604,237.60.

### 2.  Security Interest

11  Plaintiff's motion for default judgment also "seeks to enforce its security interests" in the
12  collateral noted above "by obtaining a judgment of possession as to the equipment." (Pl.'s MDJ
13  (ECF No. 12) at 14.) Plaintiff's entitlement to possession is supported by the parties' loan
14  agreements and the declaration of Shawn Mulgrew. (Compl. (ECF No. 1) at 28, 42, 55; Mulrgew
15  Decl. (ECF No. 9-1) at 16-17.)
16      Accordingly, the undersigned finds that plaintiff has established entitlement to the
17  property at issue and will recommend plaintiff be granted possession of the property. See
18  Ascentium Capital, LLC v. Aero Transport, Inc., Case No. 1:16-cv-1575 LJO BAM, 2017 WL
19  1968335, at *5 (E.D. Cal. May 12, 2017) ("The Court finds that Plaintiff has established its right
20  to possession of the Vehicle, as well as Defendants' wrongful possession of the same."); Xerox
21  Corporation v. AC Square, Inc., Case No. 15-cv-4816 DMR, 2016 WL 5898652, at *8 (N.D. Cal.
22  Sept. 1, 2016) ("The court finds that Plaintiff has established its right to possession of the leased
23  property, as well as Defendant's wrongful possession of the same.").

### CONCLUSION

25  For the reasons set forth above, IT IS HEREBY RECOMMENDED that:
26  1. Plaintiff's April 17, 2020 motion for default judgment (ECF No. 9) be granted;
27  2. Judgment be entered against defendant Virk Systems, Inc., and defendant Lakhwimder
28  Singh Virk;

8

1  3. Defendants be ordered to pay $604,237.60 in damages;
2  4. Defendants be ordered to given plaintiff immediate possession of:
3  One (1) Used 2015 Freightliner Cascadia Tractor, VIN 3AKJGLD57FSGB8362;
4  One (1) Used 2014 Kenworth T680 Tractor, VIN IXKYD49X7EJ407981,
5  INCLUDING ALL ATTACHMENTS AND ACCESSORIES;
6  Three (3) 2014 Utility Reefer Trailers With Thermo-King Refrigeration
7  Units: VIN 1UYVS2533EU902223 TK S/N 6001145293, VIN
8  1UYS2535EU902224 TK S/N 6001145290, VIN lUYVS2533EU902206 TK
9  S/N 6001146993,
10 Two (2) 2013 Utility Reefer Trailers With Thermo-King Refrigeration Units:
11 VIN 1UYVS2537DU596402 TK S/N 6001114924, VIN 1UYVS2536DU641510 TK S/N
12 6001119147 INCLUDING ALL ATTACHMENTS AND ACCESSORIES;
13 Twelve (12) 2015 Utility Reefer Trailers with Thermoking S600 Reefer
14 Units:
15 Vins:                Serial Numbers:
16 1UYVS253XFU182811  6001158856
17 IUYVS2535FU182814  6001158851
18 1UYVS2537FU182815  6001156549
19 1UYVS2537FU182846  6001163005
20 1UYVS2539FU182847  6001160835
21 1UYVS2537FU182863  6001163019
22 IUYVS2530FU182865  6001166790
23 1UYVS2534FU182884  6001166782
24 1UYVS253XFU182890  6001138478
25 1UYVS2535FU182893  6001138485
26 1UYVS2537FU182894  6001138486
27 IUYVS2532FU182818  6001156717
28 INCLUDING ALL ATTACHMENTS AND ACCESSORIES;

9

    5. Plaintiff be ordered to apply the proceeds from the sale of the above collateral to the amount owed by the defendants on the monetary judgment and submit a partial satisfaction of judgment, reducing the defendants' indebtedness under the judgment; and

    6. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 1, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\wellsfargo0143.mdj.f&rs