1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WELLS FARGO EQUIPMENT              No.  2:20-cv-0143 TLN DB
     FINANCE, INC., a Minnesota corporation,
12

13              Plaintiff,                ORDER

14        v.

15   VIRK SYSTEMS, INC. a California
     corporation; LAKHWINDER
16   SINGHVIRK, an individual,

17              Defendants.

18

19         On January 28, 2022, the matter came before the undersigned pursuant to the

20   undersigned's December 7, 2021 order to defendants to show cause for failing to appear at a

21   December 3, 2021 judgment debtor examination.  Attorney Michael Gomez appeared on behalf of

22   the plaintiff/judgment creditor.  No appearance was made by, or on behalf of, either defendant.

23   At the January 28, 2022 hearing plaintiff's counsel requested that the undersigned issue a bench

24   warrant in response to defendants' failure to appear.

25         "A district court has the power to adjudge in civil contempt any person who [] disobeys a

26   specific and definite order of the court."  Gifford v. Heckler, 741 F.2d 263, 265 (9th Cir. 1984).

27   Imprisonment is a "legitimate civil contempt sanction."  U.S. v. State of Tenn., 925 F. Supp.

28   1292, 1301 (W.D. Tenn. 1995); see also In re Joint Eastern and Southern Districts Asbestos

1  Litigation, 830 F. Supp. 1153, 1155 (C.D. Ill. 1993) ("imprisonment or fines can be used as

2  sanctions").  Pursuant to the recalcitrant witness statute:

> Whenever a witness in any proceeding before or ancillary to any
> court or grand jury of the United States refuses without just cause
> shown to comply with an order of the court to testify or provide other
> information, including any book, paper, document, record, recording
> or other material, the court, upon such refusal, or when such refusal
> is duly brought to its attention, may summarily order his confinement
> at a suitable place until such time as the witness is willing to give
> such testimony or provide such information.

8  28 U.S.C. § 1826(a); see also Invesco High Yield Fund v. Jecklin, 10 F.4th 900, 904 (9th Cir.

9  2021) ("§ 1826(a) applies . . . to a refusal to testify" in post-judgment discovery proceedings);

10  Martin-Trigona v. Gouletas, 634 F.2d 354, 356 (7th Cir. 1980) (affirming order finding judgment

11  debtor in contempt for refusal to answer and ordering confinement "until he answered the

12  questions").

13        "'The standard for finding a party in civil contempt is well settled: The moving party has

14  the burden of showing by clear and convincing evidence that the contemnors violated a specific

15  and definite order of the court.  The burden then shifts to the contemnors to demonstrate why they

16  were unable to comply.'"  In re Bennett, 298 F.3d 1059, 1069 (9th Cir. 2002) (quoting F.T.C. v.

17  Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999)).  However, "only a district court may

18  hold a party in contempt[.]"  On Command Video Corp. v. LodgeNet Entertainment Corp., 976 F.

19  Supp. 917, 921 (N.D. Cal. 1997); see also U.S. v. Ritte, 558 F.2d 926, 927 (9th Cir. 1977) (per

20  curiam) ("contemptuous acts committed in the presence of a magistrate or related to proceedings

21  before a magistrate must be referred to a district judge for adjudication").  And that decision is

22  discretionary.  See F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999) ("We review

23  a district court's civil contempt order for an abuse of discretion."); In re Grand Jury Proceedings,

24  797 F.2d 906, 907 (10th Cir. 1986) (decision left "to the reasonable discretion of the trial court").

25        In this regard, if plaintiff wishes to pursue defendants' arrest as a civil contempt sanction

26  it must do so by way of a motion making the appropriate showing.  If such a motion comes before

27  the undersigned plaintiff is advised to clearly articulate why an arrest warrant should issue under

28  the circumstances of this case and support that assertion with legal authority.

1      Accordingly, IT IS HEREBY ORDERED that the December 7, 2021 order to show cause

2  (ECF No. 40) is discharged.

3  Dated:  January 31, 2022

4

5  _____

6  DEBORAH BARNES
   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23  DLB:6
    DB\orders\orders.civil\wellsfargo0143.oah.0128

24

25

26

27

28

3