UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO EQUIPMENT FINANCE, INC., a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>VIRK SYSTEMS, INC. a California corporation; LAKHWINDER SINGH VIRK, an individual,<br><br>Defendants. | No. 2:20-cv-00143-TLN-DB<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant Lakhwinder Singh Virk's[1] ("Defendant") Motion for Relief from the Court's Bench Warrant. (ECF No. 73.) Plaintiff Wells Fargo Equipment Finance, Inc. ("Plaintiff") has filed an opposition. (ECF No. 76.) Defendant has not filed a timely reply. For the reasons set forth herein, Defendant's motion is DENIED.

///

///

///

///

---

[1] Defendant Virk Systems, Inc. is also a named defendant in this action. The Court will refer to both defendants collectively as "Defendants."

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

The instant action arises from Defendant's failure to appear for a judgment debtor examination. On January 21, 2020, Plaintiff filed the instant action for breach of contract, claim and delivery, conversion, and breach of guaranty. (ECF No. 1.) Defendants were served and did not respond to the Complaint. Accordingly, on March 18, 2021, the Court entered a default judgment for $604,237.60, as amended on June 9, 2021. (ECF Nos. 8, 16.) Plaintiff thereafter applied for and obtained an Order for Appearance and Examination ("ORAP") of each Defendant, as amended ("Amended ORAP"). (ECF Nos. 25, 26, 34, 35.) Plaintiff personally served Defendant with the ORAP and Amended ORAP in July 2021 and October 2021, respectively. (ECF Nos. 30, 31, 38.)

Defendant failed to appear for his judgment debtor examination. The magistrate judge subsequently issued an Order to Show Cause ("OSC") requiring Defendant to show cause as to why he should not be held in contempt and sanctioned for failing to appear. (ECF No. 40.) The OSC required Defendant to appear via Zoom or telephonically on January 28, 2022, and cautioned him that "failure to timely comply with this order may result in the imposition of sanctions, including confinement." (*Id.* at 3.) Plaintiff personally served Defendant with this OSC. (ECF No. 41.) Defendant failed to appear on January 28, 2022. Plaintiff requested the magistrate judge to issue a bench warrant in response to Defendant's failure to appear, and the magistrate judge entered an order stating that "only a district court may hold a party in contempt." (ECF No. 43 at 2.)

Plaintiff filed a motion for bench warrant on February 10, 2022. (ECF No. 44.) After holding a hearing on March 10, 2022, this Court granted Plaintiff's motion, finding that Defendant failed to comply with the magistrate judge's orders, and entered its Contempt Order. (ECF Nos. 49, 50.) The Contempt Order instructs the Clerk of the Court to issue a bench warrant for Defendant's arrest and incarceration pending his compliance with the Amended ORAP and OSC by submitting to a judgment debtor examination and producing documents related thereto as set forth in the Amended ORAP. (ECF No. 50 at 2.) The Court also set bail at $604,237.60, the amount of the Judgment. (*Id.*)

The Clerk issued the bench warrant. (ECF No. 51.) Since then, Plaintiff has diligently provided the Court with weekly status reports on its efforts to serve Defendant with the Contempt Order. (*See* ECF Nos. 52–72, 74, 75.) Defendant filed the instant motion to vacate the bench warrant on August 16, 2022. (ECF No. 73.)

## II.   ANALYSIS

Defendant requests the Court recall, rescind, suspend, or otherwise nullify the bench warrant issued, arguing he was unable to attend his debtor examination because he did not get notice and was not in the country. (ECF No. 73 at 4.) Defendant states that "[h]e wishes to meaningfully participate in another debtor examination, but he is fearful of being arrested and incurring more costs and expenditures that can be avoided." (*Id.*) Defendant requests in the alternative that the Court issue a protective order pursuant to California Civil Procedure Code § 708.200 staying enforcement of the bench warrant until he is able to attend another debtor examination. (*Id.*)

In opposition, Plaintiff argues the Court should not vacate the bench warrant because Defendant had knowledge and notice of the ORAP, Amended ORAP, and OSC as he was personally served with each of them. (ECF No. 76 at 6–7.) Plaintiff further argues that Defendant has not provided clear and convincing evidence to rebut the presumptions of valid service. (*Id.* at 7.) Plaintiff finally asserts that the Court should not enter a protective order because Defendant has provided no evidence or valid reason why the bench warrant should be stayed, and the bench warrant is having the desired effect of coercing him to comply with the orders. (*Id.* at 8–9.)

The purpose of civil contempt is remedial or compensatory, while the purpose of criminal contempt is punitive. *Shillitani v. United States*, 384 U.S. 364, 369–70 (1966). A contempt proceeding is civil if its purpose is to coerce persons into doing what they are supposed to do. *Id.* "[T]he justification for coercive imprisonment as applied to civil contempt depends upon the ability of the contemnor to comply with the court's order." *Id.* at 371. In contrast, if the purpose is to vindicate the authority of the court by punishing the wrongdoer, the proceeding is for criminal contempt. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 302 (1947). The

same sanctions (*i.e.*, a fine and imprisonment) are imposed for civil contempt as well as criminal contempt, but in the former instance they are employed "as coercive sanctions to compel the contemnor to do what the law made it his duty to do." *Penfield Co. of Cal. v. Sec. and Exch. Comm'n*, 330 U.S. 585, 590 (1947). "[A] contempt sanction is considered civil if it is remedial, and for the benefit of the complainant." *F.T.C. v. Kuykendall*, 371 F.3d 745, 752 (10th Cir. 2004) (en banc) (internal citations and quotation marks omitted). "Civil contempt sanctions, however, are only appropriate where the contemnor is able to purge the contempt by his own affirmative act and carries the keys of his prison in his own pocket." *United States v. Ayres*, 166 F.3d 991, 997 (9th Cir. 1999) (citing *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 826–31 (1994)) (internal quotation marks omitted).

In the instant case, the Court agrees with Plaintiff that Defendant is essentially attempting to condition his compliance with the orders on the Court's vacating the bench warrant or entering a protective order to stay the warrant. (*See* ECF No. 76 at 2, 9.) Plaintiff is correct that Defendant's explanation for his noncompliance is vague and unbelievable, as he states he was "out of the country" but does not state when he was out of the country or how that impacted his ability to comply with the orders. (ECF No. 76 at 7.) Further, the Court finds persuasive Plaintiffs' argument that it is questionable when exactly Defendant was out of the country as his declaration accompanying the instant motion states that it was signed in Sacramento. (*Id.* (citing ECF No. 73-1).) Defendant has thus far shown that he is unwilling to appear before the Court or for his judgment debtor examination. Therefore, the Court does not trust Defendant's statement that "[h]e wishes to meaningfully participate in another debtor examination." (ECF No. 73 at 4.) With an active bench warrant, the Court is only attempting to compel Defendant "what the law made it his duty to do." *See Penfield Co. of Cal.*, 330 U.S. at 590.

//
//
//
//
//

### III.  CONCLUSION

For the reasons set forth above, Defendant's Motion for Relief from the Court's Bench Warrant is DENIED.  (ECF No. 73.)

IT IS SO ORDERED.

**DATED: September 14, 2022**

                                                                        Troy L. Nunley
                                                                        United States District Judge